IN THE UNITED STATES DISTRICT COURT
FOR THE EASTERN DISTRICT OF PENNSYLVANIA

| | | |
|---|---|---|
| TONILYNN FAY, | : | CIVIL ACTION |
| Plaintiff | : | |
| | : | |
| vs. | : | 07-4516 |
| | : | |
| MUHLENBERG COLLEGE | : | |
| Defendant | : | |

**M E M O R A N D U M**

**STENGEL, J.**                                                                                          **January   23, 2008**

      Tonilynn Fay has filed a complaint against Muhlenberg College, her former employer, alleging three counts of gender-based employment discrimination under federal and state law.  Muhlenberg College filed a motion to dismiss Count III of the complaint pursuant to Rule 12(b)(6) of the Federal Rules of Civil Procedure.  For the following reasons, I will grant the motion in its entirety.

**I. BACKGROUND**[1]

      Fay was hired by Muhlenberg College in September 1997, and after various jobs became an Administrative Assistant in the Department of Athletics.  During her years of employment at the college, Fay received "satisfactory" job performance ratings.  Beginning in 2003, Sam Beidelman, the newly-appointed Director of Athletics, began to subject Fay to a hostile work environment, speaking to her in a condescending and chauvinistic manner.  For example, once he remarked at a planning meeting in Fay's

---

[1] All facts are taken from the plaintiff's complaint, and for purposes of this motion, are accepted as true with all reasonable inferences drawn in favor of the plaintiff.

presence, "asking a secretary how many file cabinets she needs is like asking your wife how many closets she needs, she will fill them all." Another time, when Fay asked him for a raise, Beidelman replied, "I hope you're not saying you are overworked." At a department meeting, Fay answered a question posed by one of the coaches. Beidelman remarked to her, "Are you allowed to speak at these meetings?"

Fay registered a complaint with Anne Hochella, the vice president of human resources at the college, who responded, "We all have to get used to our new boss's personality." No investigation followed and the situation with Beidelman continued. In February 2004, Fay registered a second complaint but with Rudy Ehrenberg, the Dean of the College. The Dean also failed to investigate or take steps to correct the situation. On April 3, 2006, Fay was terminated without prior warning, effective June 30, 2006.

After exhausting her administrative procedures, Fay filed a complaint in this court alleging employment discrimination based on her gender, retaliation, and hostile work environment. She brings these claims pursuant to Title VII[2] of the Civil Rights Act of 1964, the Pennsylvania Human Relations Act,[3] and the Pennsylvania Constitution. It is

---

[2] Title VII provides that "it shall be an unlawful employment practice for an employer to discriminate against any individual with respect to his compensation, terms, conditions, or privileges of employment, because of such individual's race, color, religion, sex, or national origin." 42 U.S.C. § 2000e-2.

[3] The PHRA provides "the opportunity for an individual to obtain employment for which he is qualified without discrimination because of race, color, familial status, religious creed, ancestry, handicap or disability, age, sex, national origin." Courts interpret the PHRA consistently with Title VII. Weston v. Pennsylvania, 251 F.3d 420, 426 n.3 (3d Cir. 2001) (The proper analysis under Title VII and the Pennsylvania Human Relations Act is identical, as Pennsylvania courts have construed the protections of the two acts interchangeably).

the latter claim that is the subject of this motion to dismiss.

## II.  LEGAL STANDARD

Defendant Muhlenberg College seeks dismissal of Count III of the plaintiff's complaint pursuant to Rule 12(b)(6) of the Federal Rules of Civil Procedure.  Under that Rule, a party may move to dismiss for "failure to state a claim upon which relief can be granted."  The rule is designed to screen out cases where "a complaint states a claim based upon a wrong for which there is clearly no remedy, or a claim which the plaintiff is without right or power to assert and for which no relief could possibly be granted."  Port Auth. v. Arcadian Corp., 189 F.3d 305, 311-312 (3d Cir. 1999).  Under Rule 12(b)(6), a complaint should not be dismissed for failure to state a claim unless it appears beyond doubt that the non-moving party can prove no set of facts in support of its claim which would entitle it to relief.  Conley v. Gibson, 355 U.S. 41, 45-46 (1957).  The issue, therefore, is not whether the non-moving party will ultimately prevail, but whether it is entitled to offer evidence to support its claims.  Scheuer v. Rhodes, 416 U.S. 232, 236 (1974); see also Maio v. Aetna, Inc., 221 F.3d 472, 482 (3d Cir. 2000).

In considering whether a count should be dismissed for failure to state a claim upon which relief can be granted, a court must consider only those facts alleged in the pleading and accept all of the allegations as true, drawing all reasonable inferences in favor of the non-moving party.  ALA v. CCAIR, Inc., 29 F.3d 855, 859 (3d Cir. 1994); see also Lum v. Bank of America, 361 F.3d 217, 222 (3d Cir. 2004) (in deciding motions

3

pursuant to Rule 12(b)(6), courts generally consider only allegations in the pleading, exhibits attached to the pleading, matters of public record, and documents that form the basis of a claim).

### III.  DISCUSSION

In Count III, Fay brings a claim under the Equal Rights Amendment of the Pennsylvania Constitution which states that "[e]quality of rights under the law shall not be denied or abridged in the Commonwealth of Pennsylvania because of the sex of the individual."  Pa. Const. art. 1, § 28.  Muhlenberg argues that Fay's claim fails as a matter of law because she cannot assert a private cause of action under this section of the Pennsylvania Constitution.  The Pennsylvania Supreme Court has yet to adjudicate this issue.  When a state's highest court has not authoritatively decided an issue, federal courts may look to intermediate appellate and lower state court decisions to assist in its prediction of how the state supreme court would rule.  Paolella v. Browning-Ferris, Inc., 158 F.3d 183, 189 (3d Cir. 1998).  A court's analysis may also be informed by "[t]he policies underlying the applicable legal doctrines, the doctrinal trends indicated by these policies,... treatises, the Restatement, and the works of scholarly commentators."  Pennsylvania Glass Sand Corp. v. Caterpillar Tractor Co., 652 F.2d 1165, 1167 (3d Cir. 1981).

Nevertheless, some district courts in the Third Circuit have relied on the Third Circuit's decision in Pfeiffer v. Marion Center Area School District, 917 F.2d 779 (3d

4

Cir. 1990).  In Pfeiffer, a student brought suit under Title IX alleging that she had been dismissed from the National Honor Society because of her pregnancy.  The district court concluded that the faculty dismissed the plaintiff not because of gender discrimination but because she failed to uphold the society's standards by engaging in premarital sex.  Id. at 784-85.  The Third Circuit remanded the case because the court had failed to consider evidence of premarital sex by a male member, who the society did not dismiss.  Id. at 786.  The plaintiff had also brought a claim for sex discrimination under the Equal Rights Amendment.  The Third Circuit stated that this claim could be dismissed if the district court found no federal violation on remand.  Id. at 789.  The Third Circuit also noted that "[w]e are of the view that a private right of action is available for cases of gender discrimination under the Pennsylvania Equal Rights Amendment."  Id. (citing Bartholomew v. Foster, 541 A.2d 393 (Pa. Commw. Ct. 1988) aff'd 563 A.2d 1390 (Pa. 1989)); Welsch v. Aetna Ins. Co., 494 A.2d 409 (Pa. Super. Ct. 1985).  These cases are distinguishable from the one currently before me.  Both Bartholomew and Welsch concern discriminatory sex-based insurance classifications, and Pfeiffer is not an employment discrimination case.  In reaching this conclusion, the Third Circuit did not consider Pennsylvania case law on common law causes of action for discriminatory discharge, specifically Clay v. Advanced Computer Applications, Inc., 559 A.2d 917, 918 (Pa. 1989).

The split in district court rulings in this Circuit depends on how courts classify

Pfeiffer's discussion of the Equal Rights Amendment.  Some district courts categorize Pfeiffer's comment as dictum and refuse to recognize a private cause of action under the Equal Rights Amendment.  See Walsh v. Irvin Stern's Costumes, No. 05-2515, 2006 U.S. Lexis 2120 (E.D. Pa. Jan. 19, 2006); EEOC v. Dan Lepore & Sons Co., No. 03-5462, 2004 U.S Dist. LEXIS 1943 (E.D. Pa. Feb. 9, 2004); Ryan v. Gen. Mach. Prod., 277 F. Supp.2d 585, 594-595 (E.D. Pa. 2003).  The majority of courts consider Pfeiffer as a signal from the Third Circuit that a private right of action is available for gender discrimination under the ERA.  See Benard v. Wash. County, 465 F. Supp. 2d 461 (W.D. Pa. 2006); Jespersen v. H&R Block Mortgage Co., No. 06-1212, 2006 U.S. Dist. LEXIS 47974 (E.D. Pa. July 14, 2006); Clark v. Amerisourcebegen Corp., No. 04-4332, 2005 U.S. Dist. LEXIS 1459 (E.D. Pa. Feb. 2, 2005); Spirk v. Centennial Sch. Dist., No. 04-4821, 2005 U.S. Dist. LEXIS 2782 (E.D. Pa. Feb. 22, 2005); EEOC v. Fed. Express Corp., No. 02-1194, 2005 U.S. Dist. LEXIS 5834 (M.D. Pa. Jan. 18 2005); Barrett v.Greater Hatboro Chamber of Commerce, No. 02-4421, 2003 U.S. Dist. LEXIS 15498 (E.D. Pa. Aug. 20, 2003); McCormack v. Bennigan's, No. 93-1603, 1993 U.S. Dist. LEXIS 10424 (E.D. Pa. July 29, 1993).  However, the appropriate inquiry is not to look for signals from the Third Circuit, but to predict how the Pennsylvania Supreme Court would construe the Equal Rights Amendment.

    The Commonwealth of Pennsylvania adopted the Equal Rights Amendment in 1971.  Hon. Phyllis W. Beck & Joanne A. Baker, An Analysis of the Impact of the

Pennsylvania Equal Rights Amendment, 3 WIDENER J. PUB. L. 743, 744 (1994).  The Equal Rights Amendment reinforced the constitutional prohibition against sex-based discrimination, equalized the positions of men and women under Pennsylvania law, and expressed a public policy for gender equality.  Id. at 797-98.  The Equal Rights Amendment has abolished gender-based distinctions in statutory law, placing men and women in Pennsylvania on equal footing.  See generally id.  The Pennsylvania Human Relations Act, which prohibits gender discrimination in the workplace, is an expression of this public policy.  Id.  However, "the [Equal Rights Amendment] did not markedly change the social fabric of the Commonwealth and...judicial decisions rendered under the [Equal Rights Amendment] may have had the pragmatic effect of improving the condition of men more than that of women."  Hon. Phyllis W. Beck & Patricia A. Daly, Pennsylvania's Equal Rights Amendment Law: What Does it Portend for the Future?, 74 TEMP. L. REV. 579, 582 (2001).  There is a dearth of published judicial opinions analyzing and applying the amendment.  Id. at 583.  Since 1994, Pennsylvania courts have discussed the Equal Rights Amendment in less than one case per year and among those cases, the amendment was relevant in less than half.  Id.

Pennsylvania courts have considered the role, if any, the Equal Rights Amendment is to play in employment discrimination claims.  In Pennsylvania, the general rule is that "there is no common law cause of action against an employer for termination of an at-will employment relationship."  Clay, 559 A.2d at 918 (citing Geary v. United States Steel

Corp., 310 A.2d 174 (Pa. 1974)).  The Pennsylvania Supreme Court has recognized limited exceptions to this rule "where discharges of at-will employees would threaten clear mandates of public policy."  Id.

Generally speaking, the Pennsylvania Human Relations Act's statutory remedy for employment discrimination is the sole cause of action against an employer under Pennsylvania law.  Clay, 559 A.2d at 918.  Therefore, the Pennsylvania Supreme Court affirmed the dismissal of a lawsuit alleging that an employer fired an at-will employee after that employee refused sexual advances from a manager because the plaintiff had not sought relief under the Pennsylvania Human Relations Act.  Id.  The court reasoned that the Pennsylvania Human Relations Act's statutory scheme "would be frustrated if aggrieved employees were permitted to circumvent the PHRC by simply filing claims in court" and that there was "no basis for belief [that the legislature intended] broad and unrestricted access to civil actions, outside of the PHRA, alleging discriminatory termination of at-will employment."  Id. at 920-21.

The Supreme Court of Pennsylvania is currently considering this issue by reviewing a recent decision of the Pennsylvania Superior Court.  In Weaver v. Harpster & Shipman Fin. Servs., 885 A.2d 1073 (Pa. Super. Ct. 2005), the Superior Court permitted an employee to bring a common-law sexual discrimination suit against her employer, which due to an insufficient number of employees was not subject to the Pennsylvania Human Relations Act.  The plaintiff in Weaver did not have recourse to the statutory

remedies established by the Pennsylvania Human Relations Act and Title VII because the defendant did not qualify as an employer under either statute because it had less than four employees. Id. at 1074. The plaintiff in Weaver urged the court to extend the public policy exception to the at-will employment doctrine to victims of sexual harassment. The court looked to the Equal Rights Amendment to find a public policy in Pennsylvania against sexual discrimination and established a narrow rule that "where an employee is prevented from bringing a sexual discrimination suit under the PHRA only because his or her employer has less than four employees"[4] there is a public policy exception to the at-will employment doctrine that allows a plaintiff to bring a common law cause of action against her employer. Id. at 1078.

The Pennsylvania Supreme Court has yet to rule on the pending appeal in Weaver. However, under current precedent from the Pennsylvania Supreme Court and Weaver, Fay cannot maintain a private cause of action under the Pennsylvania Constitution by filing a common law tort claim for wrongful discharge because she had recourse to

---

[4] The narrowness of the court's holding is emphasized by its decision to only extend a public policy exception where the employer has less than four employees, and not to cases where plaintiffs simply failed to comply with the administrative requirements of the Pennsylvania Human Relations Act, which was the circumstance in Clay. In Weaver, the court emphasized that the plaintiff had followed the administrative procedures required by the PHRA and turned to the courts "as a last resort" after the PHRC dismissed her claim. 885 A.2d at 1078. See also Jespersen v. H&R Block Mortgage Co., No. 06-1212, 2006 U.S. Dist. LEXIS 47974 (E.D. Pa. July 14, 2006) (applying Weaver to dismiss plaintiff's sexual discrimination claim under the ERA because she did not comply with the PHRA administrative process).

pursue, and took advantage of, remedies under the Pennsylvania Human Relations Act and Title VII. I will grant the motion to dismiss Count III of the complaint in its entirety.

An appropriate Order follows.

IN THE UNITED STATES DISTRICT COURT
FOR THE EASTERN DISTRICT OF PENNSYLVANIA

| | | |
|---|---|---|
| **TONILYNN FAY,** | : | CIVIL ACTION |
| **Plaintiff** | : | |
| | : | |
| **vs.** | : | 07-4516 |
| | : | |
| **MUHLENBERG COLLEGE** | : | |
| **Defendant** | : | |

**O R D E R**

    **AND NOW**, this  23rd  day of January, 2008, upon consideration of the defendant's motion to dismiss Count III, and the plaintiff's response thereto, it is hereby ORDERED that the motion is GRANTED.

    IT IS FURTHER ORDERED that Count III of the plaintiff's complaint is DISMISSED.

                          BY THE COURT:

                           /s/ Lawrence F. Stengel
                          LAWRENCE F. STENGEL, J.